UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY HERNANDEZ,  ) | 1:04-cv-05234-REC-TAG HC |
| ) | |
| Petitioner,  ) | ORDER GRANTING PETITIONER LEAVE |
| ) | TO FILE AMENDED PETITION NUNC PRO |
| v.  ) | TUNC (Doc. 18) |
| ) | |
| A. A. LAMARQUE,  ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO FILE AMENDED PETITION |
| Respondent.  ) | PREVIOUSLY LODGED ON AUGUST 4, |
| ) | 2005 (Doc. 18) |

ORDER REQUIRING RESPONDENT TO SUBMIT ANSWER

ORDER SETTING BRIEFING SCHEDULE

ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner filed his original petition for writ of habeas corpus on January 29, 2004. (Doc. 1). That original petition contained four grounds for relief; Ground Four, challenging the sufficiency of the evidence as to a prior conviction used to enhance Petitioner's sentence, was unexhausted. (Id.). On May 19, 2004, Respondent filed a motion to dismiss the petition because Ground Four was unexhausted. (Doc. 8).

On September 28, 2004, the Court filed a Report and Recommendation that the petition be dismissed for failure to exhaust Ground Four. (Doc. 11). Petitioner filed an amended petition for writ of habeas corpus on September 7, 2004, deleting Ground Four. (Doc. 10). Petitioner filed his objections to the Report and Recommendation on October 19, 2004. (Doc. 12). In his objections, Petitioner acknowledged that Ground Four was unexhausted, indicated he had filed an amended petition deleting the unexhausted claim, explained that he had filed a habeas corpus petition in the California Supreme Court seeking to exhaust Ground Four, and asked the Court to hold the case in abeyance pending a decision in the state habeas proceeding. (Id.). On December 29, 2004, the Court issued an order construing the amended petition as including a request to file an amended petition, vacating the Report and Recommendation of September 28, 2004, and granting the request for a stay. (Doc. 13).

Thereafter, Petitioner complied with the Court's order to file regular status reports. (Docs. 14-17). In his last status report, dated August 4, 2005, Petitioner indicated that the California Supreme Court denied his habeas corpus petition on July 20, 2005. (Doc. 17). Concurrently, Petitioner sought to file an amended petition that contained the original exhausted grounds as well as the newly-exhausted Ground Four. Because the new petition had been filed without leave of the Court, the Clerk of the Court lodged, rather than filed, the new petition pending further order of this Court. (Doc. 18).

## DISCUSSION

Although Petitioner was instructed that once the state court ruled on his habeas corpus petition he had thirty days within which *to file a motion for leave* to file an amended petition, Petitioner nevertheless chose to directly file the amended petition without first asking leave of the Court to do so. Nevertheless, liberally construing a habeas petitioner's pleadings, the Court will construe the petition lodged with the Clerk of the Court on August 4, 2005, to include an implicit request for leave to file an amended petition. Additionally, the Court hereby grants leave for the filing of said amended petition. (Doc. 18).

///

///

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted a preliminary review of Petitioner's amended petition.[1] Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[2] the Court HEREBY ORDERS:

1. Petitioner's request for leave to file an amended petition (Doc. 18), is HEREBY GRANTED;

2. The Clerk of Court is DIRECTED to file the previously lodged amended petition dated August 4, 2005 (Doc. 18);

3. Respondent SHALL FILE an ANSWER addressing the merits of the Petitioner's Petition within **NINETY (90)** days of the *date of service* of this order.  Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing an Answer.).

4. Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petitioner's Petition.  Rule 5 of the Rules Governing Section 2254 Cases.

5. Any argument by Respondent that Petitioner has procedurally defaulted a claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of the claims asserted.  This is to enable the Court to determine whether Petitioner meets an exception to procedural default.  See, Paradis v. Arave, 130 F.3d 385, 396 (9th Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits to serve the ends of justice); Jones v. Delo, 56 F.3d 878 (8th Cir. 1995) (the answer to the question that it is more likely than not that no reasonable juror fairly considering all the evidence,

---

[1] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or other pleading . . . or to take such other action as the judge deems appropriate."

[2] The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions."  Fed.R.Civ.P. 81(a)(2). Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules."  Rule 11, Rules Governing Section 2254 Cases.

including the new evidence, would have found Petitioner guilty beyond a reasonable doubt necessarily requires a review of the merits).

6. Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

7. The Clerk of the Court is DIRECTED to SERVE a copy of this order along with a copy of the amended petition (Doc. 18), and any exhibits or attachments, on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 78-230(h). All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

**Dated:   August 17, 2005**                    **/s/ Theresa A. Goldner**
j6eb3d                                                         UNITED STATES MAGISTRATE JUDGE